UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **HOUSTON SPECIALTY INSURANCE COMPANY** | **CIVIL ACTION NO. 5:20-cv-01106-TAD-MLH** |
| v. | JUDGE DOUGHTY |
| **PRECISION BUILDERS, INC. AND MANASSES MONTELLO** | **MAGISTRATE JUDGE HORNSBY** |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

MAY IT PLEASE THE COURT:

Defendant, Precision Builders, Inc. d/b/a Precision Builders ("Precision"), hereby files this Memorandum of Law in support of its Motion to Dismiss for Lack of Subject-Matter Jurisdiction and for Failure to State a Claim Upon Which Relief Can Be Granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Complaint (Doc. 1) filed by Plaintiff, Houston Specialty Insurance Company ("HSIC") should be dismissed on two bases: (1) the Court lacks subject-matter jurisdiction pursuant to 28 U.S.C § 1332, because the amount in controversy does not meet the $75,000.00 threshold; and (2) the Complaint fails to set forth a claim upon which relief can be granted, because the Complaint does not set forth any claim or allegation in an underlying lawsuit on which the denial of coverage can be based.

**FACTS**

According to the Complaint, on July 12, 2020, a motor vehicle collision ("Accident") occurred in Shreveport, Louisiana, between a 2011 Chevrolet Silverado Truck, VIN 1GC1KXC85BF238824, which was owned by Precision and driven by Manases Enrique

1

Cristerna Montellano ("Montellano"), and a vehicle, which was driven by Robert Watkins ("Watkins"). Watkins allegedly sustained injuries from the Accident, but has not filed an insurance claim or lawsuit in connection with his injuries. HSIC alleges in the Complaint that a copy of the report from the Accident is attached to the Complaint, but no attachments were filed with the Complaint. (Doc. at ¶ 4).

At the time of the Accident, Precision had in place a policy of insurance which includes, *inter alia*, commercial general liability coverage and business auto coverage, Policy Number HSLR 18-01556-08 ("Policy"). HSIC alleges in the Complaint that the Policy was attached to the Complaint and incorporates its terms by reference, but no attachments were filed with the Complaint. (Doc. at ¶ 6). The Complaint does not identify all of the persons and entities insured under the Policy.

On August 25, 2020, Plaintiff, Houston Specialty Insurance Company ("HSIC") filed an Original Complaint for Declaratory Relief seeking:

> "judgment in its favor and against Defendants Precision Builders, Inc. and Manasses Montello [sic] , declaring that no defense or indemnity coverage is owed to the Defendants [Precision and Montellano] under [the Policy] for any losses or damages arising out of the automobile accident that occurred on July 12, 2020 in Shreveport, Louisiana involving the 2011 Chevrolet Truck owned by Precision Builders and operated by Manasses Montello [sic]; that Manasses [sic] Montello was not an employee of Precision Builders; and for any other relief that Houston Specialty may be entitled to.

(Doc. 1 at 8).

## **LAW AND ARGUMENT**

The Complaint (Doc. 1) is deficient in two respects: (1) the amount in controversy does not meet the $75,000.00 threshold for diversity jurisdiction pursuant to 28 U.S.C. § 1332, because there is no amount in controversy; and (2) it fails to state a claim for permissible relief, because no claim or litigation has been alleged or asserted on which a denial of coverage may be based.

**A. THIS COURT LACKS SUBJECT-MATTER JURISDICTION.**

This Court has original subject-matter jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- . . . (1) citizens of different States." 28 U.S.C. § 1332(a). "If the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the [C]ourt must dismiss the action." Fed. R. Civ. P. 12(h)(3).

In the Complaint, HSIC alleges that that "Watkins has a personal injury claim and is treating for an alleged head/brain injury with short term memory loss; neck pain; shoulder pain; and arm pain", and therefore, the amount in controversy exceeds $75,000.00. This is not a proper assertion for establishing the amount in controversy to create subject-matter jurisdiction for this declaratory judgment action.

HSIC has a sought a declaratory judgment that there is no coverage under the Policy for any losses or damages arising out of the Accident. However, no underlying claim for coverage or litigation potentially triggering coverage under the Policy has been asserted. (Doc. 1 at ¶ 4). Without a claim for coverage pursuant to the Policy and with no litigation filed by an injured party, the amount in controversy is speculative. "[T]he

3

Court does not engage in these speculative musings." *Insurance Brokers West, Inc. v. Liquid Outcome,* LLC, 241 F. Supp.3d 339, 345 (D. Rhode Island 2017)

HSIC must establish that the actual amount in controversy exceeds $75,000.00, and may not rely on speculative damages or circumstances that might reach the threshold. *Ackerman v. Louisiana Gas Development Corp.*, No. H-06-0291, 2006 WL 1751904, at *2 (S.D. Tex. 2006).

HSIC has alleged that one potential claimant has suffered personal injuries and alleges in a conclusory manner that such injuries exceed $75,000.00. It makes no allegations that such claim is likely to be made. Any allegation that the amount in controversy exceeds $75,000.00 is speculative since no claim has been made and no litigation has been filed. Because there is no actual amount in controversy, the Complaint should be dismissed.

**B. HSIC FAILED TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.**

HSIC's Complaint is premature as the Complaint fails to establish that HSIC is entitled to the overly broad declaratory judgment which it seeks. To survive a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain factual allegations that raise a right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In the Complaint, HSIC seeks a broad judgment that no defense or indemnity coverage is owed to the Defendants under the Policy as a result of the Accident. (Doc. 1 at 8).

Without a claim for coverage or litigation asserting specific claims, it is unknown whether there is coverage under the Policy for any specific claim. Under Louisiana law,

an insurance policy is to be construed broadly to effect coverage rather than deny coverage. *Houghtaling v. Richardson*, 800 So.2d 1012, 1013 (5th Cir. 2001). To determine whether there is defense coverage under a policy, the Court must assume the allegations in the underlying petition are true and construe them liberally to determine whether they state facts and circumstances that bring the claims within the scope of the insurer's duty to defend. *Id.*

Louisiana courts apply the "eight-corners rule" in determining whether an insurer must defend its insured in a particular action. *Hanover Insurance Co. v. Superior Labor Services, Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). A court must look to the four corners of the underlying petition and determine whether the claims alleged in the petition disclose "even a possibility of liability" under the four corners of the policy. *Id.* at 681. A court cannot deny defense coverage unless the petition for damages unambiguously precludes coverage. *Id.* at 676.

The Court in this case cannot undertake the analysis required by the "eight-corners rule", because there is no underlying petition or claim to give rise to liability. It only has the four-corners of the Policy to consider and must speculate as to the possibilities of what would be alleged in a petition or complaint for damages.

The Policy contains business auto coverage and coverage for commercial general liability which provides broad coverage for many potential claims that could be brought against Precision. Possible claims arising from the Accident for which HSIC would owe a defense and possible indemnification to Precision, include, without limitation, a claim that Precision negligently entrusted the vehicle to Montellano, a claim that Precision failed to keep the truck operated by Montellano in good repair which caused the Accident, or even

that Montellano is an employee of Precision's and Precision is vicariously liable for the damages.

Coverage is determined based on the facts alleged in any potential lawsuit, not based on the facts alleged in HSIC's Complaint. A judgment that Precision has no coverage under the Policy for any hypothetical and speculative future claims arising from the Accident without such claim in existence would be premature and could deprive Precision of the coverage to which it would otherwise be entitled.

Without any underlying litigation, HSIC cannot state a claim upon which the Court can grant the broad denial of coverage it seeks.

## CONCLUSION

HSIC's Complaint is premature and should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Until an underlying litigation is filed, the amount in controversy cannot be established beyond a speculative level to enable this Court to exercise personal jurisdiction. The Court also cannot deny indemnity and defense coverage on a claim or allegations that has not been asserted. Accordingly, HSIC's Complaint should be dismissed.

    Respectfully submitted,

    **HAYTER | REYNOLDS, L.L.C.**

    By: */s/ Lauren H. Reynolds*
        John O. Hayter, III   LSBA #6701
        Lauren H. Reynolds LSBA #35976
        The Court at Twelve Oaks
        611 Absinthe Court, Suite C
        Shreveport, Louisiana  71115
        Telephone:  (318) 698-3000
        Facsimile:   (318) 698-3234
    **0ATTORNEYS FOR DEFENDANT,**
    **PRECISION BUILDERS, INC.**

## **CERTIFICATE**

I HEREBY CERTIFY that on November 16, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel by operation of the court's electronic filing system.

                                                                  */s/ Lauren H. Reynolds*
                                                                         OF COUNSEL