UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **HOUSTON SPECIALTY INSURANCE COMPANY** | **CIVIL ACTION NO. 5:20-cv-01106-TAD-MLH** |
| v. | JUDGE DOUGHTY |
| **PRECISION BUILDERS, INC. AND MANASSES MONTELLO** | MAGISTRATE JUDGE HORNSBY |

**REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

MAY IT PLEASE THE COURT:

On November 19, 2020, Plaintiff Houston Specialty Insurance Company ("HSIC") filed its Amended Complaint for Declaratory Relief ("Amended Complaint") (Doc. 9) against Defendant Precision Builders, Inc. ("Precision") and Manases Enrique Cristerna Montellano ("Montellano") and disclosed the existence of a claim by Robert Watkins ("Watkins") arising from the motor vehicle collision ("Accident") at issue. The underlying claim by Watkins triggers coverage pursuant to the eight corners of the Policy and claim. HSIC has not alleged in its Amended Complaint that the Policy excludes coverage for what is alleged in Watkins' claim and as such has failed to state a claim upon which relief can be granted.

**FACTS**

On November 19, 2020, HSIC filed its Amended Complaint (Doc. 9) that disclosed the existence of the claim submitted to HSIC by Watkins and amended its prayer to seek different declaratory relief from its Original Complaint. Such changes rendered

1

Precision's original Motion to Dismiss (Doc. 6) moot. Such motion appropriately has been denied by the Court and requires no further discussion. (Doc. 13).

Although HSIC changed its prayer for relief to skirt the arguments raised by Precision in its original Motion to Dismiss, the newly prayed for relief in the Amended Complaint, if granted, would have a similar effect to denying Precision coverage for the Accident.

On November 16, 2020, Precision filed its original Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 6), arguing that the Original Complaint had not alleged an underlying claim on which to base a coverage determination. On December 3, 2020, after the Amended Complaint was filed, Precision filed its Motion to Dismiss Plaintiff's Complaint and Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 11), arguing that the newly disclosed claim by Watkins provides a claim on which to base coverage and, unlike the allegations in the Original Complaint that did not allege an underlying claim, that the Amended Complaint provides a claim on which coverage can be determined and for which coverage is not excluded by the Policy. Precision has not reversed its position, but has adjusted its argument to respond to the claims alleged in the Amended Complaint.

## **LAW AND ARGUMENT**

The issue is not whether a declaratory judgment action is an appropriate vehicle for determining insurance coverage or whether this Court can hear such an action. The issue is whether the Amended Complaint filed by HSIC is sufficient to allow the Court to

determine that there is no coverage for the claim HSIC attached to its Amended Complaint or any other potential claim.

HSIC's Complaint and Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted, because the claim submitted to HSIC by Watkins, if taken as true, triggers coverage under the Policy.

As set forth in the Motion to Dismiss (Doc. 11), Louisiana courts apply the "eight-corners rule" in determining whether an insurer must defend its insured in a particular action. *Hanover Insurance Co. v. Superior Labor Services, Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016); *Gootee Construction, Inc. v. Travelers Property Casualty Company of America*, No. 15-3185, 2016 WL 154658, at *3 (E.D. La. 2016). A court must look to the four corners of the underlying petition and determine whether the claims alleged in the petition disclose "even a possibility of liability" under the four corners of the policy. *Id.* at 681; *see also Steptore v. Masco Const. Co., Inc.*, No. 93-2064 (La. 8/18/94), 643 So.2d 1213. A court cannot deny defense coverage unless the petition for damages unambiguously precludes coverage. *Id.* at 676.

The claim made by Watkins alleges that Montellano is an employee of Precision and that Precision is liable for Watkins' damages as a result of that relationship. (Doc. 9-2). As set forth extensively in the Motion to Dismiss (Doc. 11), the Policy at issue provides both defense and indemnity coverage to Precision for a claim against it arising from damages caused by one of its employees. This clear analysis of the eight corners of the claim and the Policy satisfies the first portion of the standard set forth in *Hanover* that the claims alleged disclose "even a possibility of liability" under the terms of the Policy. HSIC

did not allege that the Policy does not provide coverage to the claims alleged, but rather argues that what is claimed is false. That is not the standard.

The next element that must be met in the *Hanover* test is a showing that coverage for the facts alleged in the claim is unambiguously precluded by the terms of the Policy. HSIC has not pled in its Amended Complaint that coverage for the claims alleged in the claim by Watkins is precluded by the terms of the Policy.

Rather, HSIC has alleged that Montellano is not an employee and that the facts alleged by Watkins are factually inaccurate. HSIC argues that it knows this to be true based on sworn statements that it took from Precision and Montellano before the litigation was filed and without counsel for either party present. The veracity of the facts alleged by Watkins is not the standard for coverage, and the statements to which HSIC alluded are outside the eight corners that are considered in determining coverage.

Because it does not allege in its Amended Complaint that the Policy does not provide coverage for the claims alleged by Watkins or that the Policy unambiguously precludes coverage for the claims alleged, HSIC has failed to state a claim on which the relief it seeks can be granted.

HSIC cites *Houston Specialty Insurance Co. v. Ascension Insulation & Supply, Inc.*, 2018 WL 3800052 (W.D. La. 2018), which was issued by this Court, to support its position that a Court can determine coverage before the underlying claim or lawsuit is determined. Precision does not dispute this point of law, but that is not the issue at hand. The issue is whether the Amended Complaint alleges facts sufficient to show that the coverage for the facts alleged in the underlying claim is not provided by the Policy or that

coverage for the facts alleged in the underlying claim are precluded by the terms of the Policy. HSIC has not met that burden.

It is important to note that *Houston Specialty*, is factually distinguishable from the case at hand. In *Houston Specialty*, the insurer sought a declaratory judgment determining that it did not owe coverage for a particular litigation that had already been filed based on the claims alleged in that litigation, not an overarching determination that there was no coverage for a third-party claim arising from the occurrence in general. The underlying litigation appeared to allege facts that would not be covered under the Policy even though the plaintiff summarily alleged that the policy at issue provided coverage for the acts and omissions in the suit. The declaratory judgment filed by the insurer alleged that coverage for the facts as pled in the underlying suit were outside the policy period and precluded by several policy exclusions.

HSIC has not pled similar allegations in the Amended Complaint. There is no allegation that the facts as alleged in Watkins' claim are precluded by the Policy. Rather it argues that the facts alleged by Watkins are factually inaccurate. That is not the standard.

Within the four corners of Watkins' claim, there is a possibility that Montellano would be found to be an employee of Precision and as such Precision could be found liable for the damages Watkins allegedly suffered. There is nothing in the four corners of the Policy that would preclude indemnity and defense coverage for Precision for such a claim.

## CONCLUSION

HSIC has not met its burden to show that it is entitled to the declaratory relief that it seeks. HSIC does not allege that the Policy does not provide coverage for the facts as they are alleged in the claim by Watkins. HSIC does not allege that the facts as they are alleged by Watkins are unambiguously precluded by the Policy terms. Accordingly, the Amended Complaint fails to state a claim on which the relief it seeks can be granted and should be dismissed.

Respectfully submitted,

**HAYTER | REYNOLDS, L.L.C.**

By: */s/ Lauren H. Reynolds*
    John O. Hayter, III   LSBA #6701
    Lauren H. Reynolds LSBA #35976
    The Court at Twelve Oaks
    611 Absinthe Court, Suite C
    Shreveport, Louisiana  71115
    Telephone:  (318) 698-3000
    Facsimile:   (318) 698-3234

**ATTORNEYS FOR DEFENDANT,
PRECISION BUILDERS, INC.**

## CERTIFICATE

I HEREBY CERTIFY that on December 22, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel by operation of the court's electronic filing system.

            */s/ Lauren H. Reynolds*
            OF COUNSEL