UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HOUSTON SPECIALTY INSURANCE CO | CIVIL ACTION NO. 20-cv-1106 |
| VERSUS | JUDGE DOUGHTY |
| PRECISION BUILDERS INC ET AL | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

### Introduction

Houston Specialty Insurance Company ("Houston Specialty") filed this declaratory judgment action against Precision Builders, Inc. and Manasses Montellano. The insurer asks the court to make a judicial declaration of its rights and duties under an insurance policy that it issued to Precision Builders, as it relates to a traffic accident in which Mr. Montellano was potentially at fault while driving a truck owned by Precision Builders. Mr. Montellano has not filed an answer, but Precision Builders has filed a Motion to Dismiss (Doc. 11) that is now before the court. For the reasons that follow, it is recommended that the motion be denied.

### Background Facts

**A. The Original Complaint**

Houston Specialty alleged in its original complaint that Mr. Montellano was driving a Chevrolet truck owned by Precision Builders when he was involved in an accident. Houston Specialty had issued to Precision Builders an insurance policy that was in effect at the time of the accident. The policy included commercial general liability coverage and

business auto coverage, and the truck driven by Mr. Montellano was a listed vehicle on the policy. The other driver involved in the accident was Robert Watkins, who allegedly sustained injuries. Houston Specialty stated in its complaint, filed in August 2020, that Mr. Watkins had not yet filed suit over the accident.

Houston Specialty investigated whether Mr. Montellano had permission to drive the insured truck. It alleged that its investigation indicated that Todd Littleton, the majority owner of Precision Builders, gave permission to Alfredo Platas, the owner of a concrete company, to use the Chevrolet truck. But Littleton allegedly told Platas that only persons with a U.S. driver's license could operate the truck. Platas kept the truck at his residence, where Montellano (an employee of Platas' concrete company) was also living.

Houston Specialty alleged that Mr. Platas did not give Mr. Montellano—who does not possess a U.S. driver's license—permission to operate the truck. On the morning of the accident, Montellano was contacted by a friend who asked for his help building a porch at his home. Without asking for permission, Montellano took the truck owned by Precision Builders, drove it for the first time ever, and was in the accident while on the way to his friend's house.

Houston Specialty alleged that Mr. Montellano was not a covered "insured" under the terms of its policy because he had neither express nor implied permission to operate the truck. The insurer added that the claim was not covered under the commercial general liability coverage because Montellano was not in the course and scope of any employment by Precision Builders at the time of the accident. Houston Specialty invoked the diversity jurisdiction of the court and prayed for judgment "declaring that no defense or indemnity

coverage is owed" to either defendant under its policy for any loss or damage arising out of the accident.

### B. The Amended Complaint

Precision Builders filed a motion to dismiss (Doc. 6) that argued (1) the court lacks subject matter jurisdiction because the complaint did not allege an amount in controversy in excess of $75,000 and (2) the complaint failed to set forth a claim on which relief may be granted because the other driver, Mr. Watkins, had not presented a claim or filed suit to potentially trigger coverage under the policy.

Houston Specialty responded with an amended complaint (Doc. 9). It alleged that Robert Watkins, the other driver, had not yet filed suit but had retained counsel and, in October 2020, counsel made a written settlement demand for policy limits. The demand letter alleged that Mr. Montellano was driving the wrong direction on Marshall Street (a one-way street) in downtown Shreveport and caused a head-on collision with Mr. Watkins, who suffered significant injuries. At the time of the demand, Watkins' past medical expenses exceeded $55,000, and his projected future medical expenses for shoulder surgeries were estimated between $115,000 and $175,000. The letter alleged that the circumstances of the accident were confirmed by a witness and that it was "confirmed on the telephone" that Mr. Montellano was driving the truck with the permission of the owner. Houston Specialty again prayed for a declaration of its rights and duties under the policy. It revised its prayer to ask for judgment "declaring that Montellano was not an insured person or driver" under the Houston Specialty policy and for any other relief to which it is entitled.

Precision Builders responded by filing the second motion to dismiss (Doc. 11) that is before the court. The motion abandoned the argument that the amount in controversy is not adequate for diversity jurisdiction; the amended complaint does include allegations that satisfy that requirement. Precision Builders also dropped its argument that Houston Specialty failed to state an actionable claim based on a lack of a demand by the injured party. Precision Builders now argues, instead, that the amended complaint fails to state a claim on which relief may be granted because the Louisiana "eight-corners rule" requires a court to look solely to the underlying petition and policy and "cannot deny defense coverage unless the petition for damages unambiguously precludes coverage."

**Rule 12(b)(6)**

A defendant may challenge a complaint by filing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In assessing the motion, the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff. In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). Those facts must state a claim that rises above the speculative level and is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007); Amacker v. Renaissance Asset Mgmt., LLC, 657 F.3d 252, 254 (5th Cir. 2011).

**Analysis**

It is important to note the distinction between an insurer's duty to defend a lawsuit against its insured and the insurer's duty to indemnify (coverage). "An insurer's duty to defend suits on behalf of an insured presents a separate and distinct inquiry from that of the insurer's duty to indemnify a covered claim after judgment against the insured in the

underlying liability case." Martco, Ltd. Partnership v. Wellons, Inc., 588 F.3d 864, 872 (5th Cir. 2009). The duty to defend is governed by Louisiana's "eight corners rule." It requires the court to assess whether there is a duty "by applying the allegations of the complaint to the underlying policy without resort to extrinsic evidence." Id. The insurer has a duty to defend unless the allegations in the complaint, as applied to the policy, unambiguously preclude coverage. Id. And once a complaint states one claim within the policy's coverage, the insurer has a duty to accept defense of the entire lawsuit. Looney Ricks Kiss Architects, Inc. v. State Farm Fire & Cas. Co., 677 F.3d 250, 257 (5th Cir. 2012). See also XL Spec. Ins. Co. v. Bollinger Shipyards, Inc., 800 F.3d 178 (5th Cir. 2015) (applying Louisiana's eight corners rule).

The duty to indemnify for a damage claim is independent from the duty to defend and is evaluated under its own interpretative rules. Martco, 588 F.3d at 872 n.1. "While factual inquiries beyond the complaint are prohibited with respect to the duty to defend, they are indispensable in assessing the duty to indemnify." Id. at 872. When assessing the duty to indemnify, the court applies the provisions of the policy to the established facts.

There is not yet a lawsuit filed by Mr. Watkins, nor is there any indication that Houston Specialty would deny a defense to Precision Builders if Watkins sues the company based on the accident. Neither party has cited any authority for the proposition that the duty to defend can or should be decided based on the eight corners rule or otherwise before an actual suit is filed that the insured must defend. Accordingly, it is premature to attempt to apply the eight corners rule, as only four corners (the policy) are in existence, and

Houston Specialty has not specifically demanded a "no duty to defend" declaration in its amended complaint or otherwise indicated a denial of a defense.

But that does not mean the amended complaint should be dismissed. Houston Specialty has asked for a declaration, based on facts learned in its investigation, that it does not owe coverage or a duty to indemnify under the terms of its policy. Even if the application of the eight corners rule would result in a duty to defend, the insurer may seek a declaration regarding its obligation to indemnify the insured for any loss. And the duty to defend may end if the insurer receives a judicial determination, possibly in a separate declaratory action such as this, that there is no coverage for the claim under the policy. 15 La. Civ. L. Treatise, Insurance Law & Practice, § 7:4 (4th ed.). Judge Cain recently stated, "An insurer's duty to defend ends once undisputed facts show there is no coverage." Admiral Ins. Co. v. Zadeck Energy Grp. Inc., 413 F. Supp. 3d 523, 534 (W.D. La. 2019) (Cain, J.), citing Allstate Ins. Co. v. Roy, 653 So.2d 1327, 1333 (La. App. 1st Cir. 1995), writ denied, 655 So. 2d 339 (La.). There are potential exceptions and abstention issues that may arise in the litigation of a declaratory judgment action regarding insurance coverage/duty-to-indemnify, but none of those issues need to be anticipated or resolved at this preliminary pleadings-review stage of the case.[1] It is sufficient for purposes of addressing the motion before the court to determine that Houston Specialty has alleged

---

[1] Some of those issues were discussed in Houston Specialty Ins. Co. v. Ascension Insulation & Supply, Inc., 2018 WL 4031778 (W.D. La. 2018), report and recommendation adopted, 2018 WL 4008988 (W.D. La. 2018), on reconsideration in part, 2018 WL 5796104 (W.D. La. 2018) (Doughty, J.)

facts that give rise to a plausible basis for obtaining judicial relief regarding its obligation to indemnify its insured for claims arising from the accident at issue.

Accordingly,

It is recommended that Precision Builders' Motion to Dismiss (Doc. 11) be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of January, 2021.

Mark L. Hornsby
U.S. Magistrate Judge